# ALBERT J. BARNES, Plff.,

*v.*

# LUCAS P. VALDIVIESO ET AL., Dfts.

---

San Juan, Law, No. 1121.

ON DEMURRER AND MOTION TO TRANSFER.

Territorial Jurisdiction of This Court—Divisions.
> 1. While there are, strictly speaking, no different divisions in this district, the court will consider that the divisions do exist.

Promissory Notes—Code of Commerce—Interruption of Prescription.
> 2. Where there is a new acknowledgment, this must be made within the three years prescribed by the Code of Commerce to bring an action on a promissory note.

Opinion filed May 15, 1916.

Barnes v. Valdivieso.

*Mr. Harry F. Besosa* for plaintiff.

*Mr. R. V. Perez Marchand* for defendants.

HAMILTON, Judge, delivered the following opinion:

This case comes up upon two matters. One is a motion to transfer the case to the Ponce division and the other is a demurrer, both filed by the defendant.

1. As to the transfer to the Ponce division, strictly speaking there are not different divisions in this district. There are rather different places of trial. The distinction is not altogether clear sometimes, but the organic act does not speak of the three places of trial as separate divisions. It is only right to say, however, that since it may not be practicable to hold court as often as one would like at Mayaguez, I have determined to hold court as long as necessary to dispose of the business that belongs to Ponce and also the Mayaguez cases that can be tried at Ponce, and, as between Ponce and San Juan, I am, so far as not forbidden by law, going to use the analogy presented by different divisions. In the Revised Statutes of the United States, § 740, it is stated that where a state contains more than one district, every suit not of a local nature, in the district or circuit courts thereof, against a single defendant, inhabitant of the said state, must be brought in the district where he resides. In this case there is more than one defendant, but, as I understand, it is husband and wife, so that it is pretty much the same thing. So that it seems to me that, properly speaking, this suit should be brought, or, at all events, should be tried, at Ponce, unless there are some reasons which bring it out of the rule

Barnes v. Valdivieso.

which has been cited here. Another thing in my mind is that we are going to have continuously about all we can try here before juries at San Juan, and I am not disposed to bring to San Juan for jury trial cases that can fairly be tried in Ponce. I think that, on the showing made before me, I shall grant the motion to transfer.

2. As to the demurrer, the point made is that the complaint is on a promissory note given originally, I believe, in 1900 and due at one year. The claim is made that the prescription thereon expired under § 944 of the Code of Commerce in three years. That says that drafts expire in three years, and the same thing would apply to a promissory note. The complaint, however, seeks to take the obligation in question out of the statute by stating that it was acknowledged. It does not say that it was acknowledged in writing. That particular part, under the decision of the Fernández Case in 19 P. R. R. 136, which has been cited, does not seem to be necessary. This decision seems to reduce that point to a rule of evidence, and does not require the fact of the acknowledgment in writing to be stated in the complaint. That rule being so decided by the local court, this court would follow it.

The other points, however, do not come under any citation that has been made to me. For instance, § 942 of the Code of Commerce says: "The periods fixed in this Code for bringing the actions arising from commercial contracts cannot be extended and are without recourse." Whatever may be the exact meaning of this, the wording shows that it is intended to have a strict construction. Sec. 944 says: "Prescription shall be interrupted by suit or any judicial proceeding brought against the debtor, by the acknowledgment of the obligations, or by the renewal of

Barnes v. Valdivieso.

the instrument on which the right of the creditor is based. . . . The period of prescription shall begin to be counted again in case of the acknowledgment of the obligations, from the day this is done; in case of their renewal, from the date of the new instrument, and if the period for meeting the obligation should have been extended, from the date this extension expires."

It would seem that the proper construction of this, as of statutes in the states, would be that the new acknowledgment in the case of notes must be within the original three years. Otherwise it does not come within the terms of the law at all, that prescription shall be interrupted in these three or four different ways. If it has been completed there is nothing to interrupt. It could not in any proper sense be said to be interrupted if it has been completed. So that it would seem that the construction in the case at bar should be that there must be some promise alleged within the three years after the maturity of the note, and then within three years after that there may be another acknowledgment, etc. It might very well be kept alive, but the law would seem to require that there must be this interruption by acknowledgment or otherwise. Now the complaint does not show this. It was stated on the argument that it was a fact, but of course I have to deal only with the complaint as it stands at present.

So that my decision on the demurrer would be that there must be this acknowledgment within three-year periods to keep it alive. On the trial it may be that it must be shown to have been in writing, but that is not a necessity of the pleadings, and, as it comes before me right now, I shall have to sustain the demurrer. This would seem to be required by good pleading. It should be alleged what are the times of renewal, so that the defendant would know what he has to meet.